UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **DAYAN ENRIQUE GARCIA** <br> **LA. DOC #505873** | **CIVIL ACTION NO. 09-1956** |
| | **SECTION P** |
| **VS.** | |
| | **JUDGE MINALDI** |
| **STATE OF LOUISIANA** | **MAGISTRATE JUDGE KAY** |

## REPORT AND RECOMMENDATION

Before the court is *pro se* petitioner Dayan Enrique Garcia's civil rights suit (42 U.S.C. § 1983) filed *in forma pauperis* on November 24, 2009. It appears that plaintiff is a pre-trial detainee presently housed at Calcasieu Correctional Center in Lake Charles, Louisiana. Garcia names the State of Louisiana as defendant herein.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court.

## STATEMENT OF THE CASE

Plaintiff was arrested on October 14, 2009. Plaintiff complains of several violations of the Louisiana Code of Criminal Procedure in conjunction with his arrest and subsequent incarceration. Specifically, he alleges that he was not given his Miranda warnings, was not informed of his right to request a preliminary examination, was not allowed to call his wife, was not allowed to post bond, and that he has been denied an attorney. Plaintiff also complains that he is in jail on false charges.

As a result of the above, plaintiff seeks "monetary compensation equal to the pain and suffering of being incarcerated against my constitutional rights and that my charges being drop

based on 'improper incarceration' and false charges and not being able to bound[sic] out …" Doc. 3, p. 4.

## LAW AND ANALYSIS

### Frivolity Review

When a prisoner is allowed to litigate a civil rights complaint *in forma pauperis,* the district court is obliged to dismiss the case at any time if it determines that the complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C.A. § 1915(e)(2)(B); 28 U.S.C.A. § 1915A (stating that when a prisoner seeks redress from a governmental entity or one of its employees, the court shall review the complaint as soon as practicable and dismiss it if the court finds the complaint frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief); 42 U.S.C.A. § 1997e(c) (providing that a district court shall on its own motion or the motion of any party dismiss a complaint by a prisoner regarding prison conditions if the court is satisfied the complaint is frivolous, malicious, falls to state a claim upon which relief may be granted, or seeks monetary relief from an immune defendant). A hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n. 4 (5th Cir.1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir.1986).

A claim is frivolous if it has no arguable basis in law or fact. *Nietzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). A claim has no arguable basis in law if it is based on an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir.1998)

(quotation omitted). While district courts are required to construe *in forma pauperis* complaints liberally, particularly in the context of dismissals under § 1915(e)(2)(B), they are, nonetheless, given broad discretion in determining when such complaints are frivolous. *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir.1994). A complaint may not be dismissed under § 1915(d)(2)(B) "simply because the court finds the plaintiff's allegations unlikely." *Jolly v. Klein*, 923 F.Supp. 931, 942-43 (S.D.Tex.1996). A civil rights plaintiff must support his claim(s) with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995). See *Wesson v. Ogleby*, 910 F.2d 278, 281 (5th Cir.1990) ("An *IFP* complaint that recites bare legal conclusions, with no suggestion of supporting facts, or that postulates facts of an entirely fanciful nature, is a prime candidate for dismissal under [§ 1915(d)(2)(B) ]."). Nevertheless, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97.

The facts outlined by plaintiff are sufficient to conduct and conclude a preliminary screening pursuant to §1915, and the court is convinced that further amendment of the pleadings would serve no useful purpose. Accepting all of plaintiff's allegations as true and giving plaintiff the benefit of every doubt, the court concludes, for the reasons stated hereinafter, that he has failed to state a claim for which relief may be granted, his claims are frivolous as a matter of law, and that his complaint should be dismissed with prejudice.

### State of Louisiana as a Defendant

Plaintiff names the State of Louisiana as a defendant in this action. The Eleventh Amendment to the United States Constitution, however, bars action against a state. The

Eleventh Amendment mandates that states are immune from suit for damages in federal court by citizens of the state, as well as citizens of other states, unless the state consents to suit. *Edelman v. Jordan*, 415 U.S. 651, 662-63, 94 S.Ct. 1347, 1355, 39 L.Ed.2d 662 (1974).

Section 1983 does not abrogate the states' Eleventh Amendment immunity. See *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 109 S.Ct. 2304, 2309, 105 L.Ed.2d 45 (1989). While immunity can be waived, the State of Louisiana has not waived its sovereign immunity. To the contrary, Louisiana has expressly refused to consent to waiving its Eleventh Amendment Immunity. *See*, La.Rev.Stat.Ann. 13:5106; *Delahoussaye v. City of New Iberia*, 937 F.2d 144, 147 (5th Cir. 1991). Therefore, plaintiff's 1983 claims against the State of Louisiana are barred by the Eleventh Amendment and should be dismissed.

## Habeas Corpus Claim

In his complaint, plaintiff prays for dismissal of the charges pending against him. Dismissal of the pending charges would result in petitioner's release from custody. Since plaintiff seeks, in addition to monetary damages, his immediate release from custody, that aspect of his complaint must be construed as an application for writ of *habeas corpus*. *Jackson v. Torres*, 720 F.2d 877, 879 (5th Cir.1983) quoting, *Johnson v. Hardy*, 601 F.2d 172, 174 (5th Cir.1979) ("The rule in this Circuit is that any challenge to the fact or duration of a prisoner's confinement is properly treated as a *habeas corpus* matter, whereas challenges to conditions of confinement may proceed under Section 1983. The relief sought by the prisoner or the label he places upon the action is not the governing factor.")

Thus, with respect to this aspect of his claim, petitioner is a pre-trial detainee who is challenging his continued custody as he awaits trial on charges in a Louisiana state court. To the extent that he seeks dismissal of those charges, that aspect of his petition is properly construed as

seeking relief pursuant to 28 U.S.C. § 2241, which applies to persons in custody awaiting trial who have not yet been convicted. *Stringer v. Williams*, 161 F.3d 259, 262 (5th Cir. 1998); *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir.), *cert. denied*, 484 U.S. 956, 108 S.Ct. 352, 98 L.Ed.2d 378 (1987) (Section 2254 applies only to post-trial situations and affords relief to a petitioner "in custody pursuant to the judgment of a state court." Pretrial petitions are properly brought under §2241, "which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him."); and *Robinson v. Wade*, 686 F.2d 298, 302-03, 303 n. 8 (5th Cir.1982) ("Robinson's petition is properly considered to arise under 28 U.S.C. s 2241(c)(3), allowing the writ of *habeas corpus* to petitioners 'in custody in violation of the Constitution,' rather than under 28 U.S.C. s 2254(a), which requires that custody be 'pursuant to the judgment of a state court.'")

With regard to *habeas* petitions filed under 28 U.S.C. §2241 by pre-trial detainees, there is no express statutory requirement that the detainee exhaust state court remedies prior to asserting his claim in federal court. However, a body of jurisprudential law requires persons seeking such relief pursuant to §2241 to first exhaust state court remedies before seeking federal intervention. *Dickerson*, 816 F.2d at 224-225; *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489-90, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973); *Robinson v. Wade*, 686 F.2d at 303, n. 8 ("Although section 2241 contains no statutory requirement of exhaustion like that found in section 2254(b), exhaustion of state remedies has been held a necessary prelude to its invocation.")

Before he may seek federal *habeas* relief, petitioner must present his federal constitutional claims to the Louisiana Supreme Court in a procedurally appropriate manner. To the extent that he seeks federal *habeas corpus* relief, his petition must be dismissed absent proof

on petitioner's part that he fairly presented his federal constitutional claims to the District Court, the Court of Appeals, and the Louisiana Supreme Court.

### False Arrest, False Imprisonment and *Heck v. Humphrey*

Finally, plaintiff implies that he was falsely arrested and that he is being falsely imprisoned. It is clear that he is not entitled to relief with respect to those claims.

In *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), the Supreme Court held:

> . . . in order to recover damages for allegedly unconstitutional . . . imprisonment or, for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of writ of *habeas corpus*, 28 U.S.C. § 2254. . . . Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck*, at 486-487 (footnotes omitted).

In essence, *Heck* prohibits the use of § 1983 complaints as a means of collaterally attacking outstanding state convictions. While other circuits have applied *Heck* to bar civil rights suits which call into question the validity of <u>pending</u> criminal charges [see *Washington v. Summerville*, 127 F.3d 552, 556 (7th Cir. 1998), *cert. denied*, 523 U.S. 1073, 118 S.Ct. 1515, 140 L.Ed.2d 668 (1998); *Smith v. Holtz*, 87 F.3d 108, 113 (3rd Cir. 1996); *Snodderly v. R.U.F.F. Drug Enforcement Task Force*, 239 F.3d 892, 898 n. 8 (7th Cir.2001); *Shamaeizadeh v. Cunigan*, 182 F.3d 391, 397-98 (6th Cir.1999); *Covington v. City of New York*, 171 F.3d 117, 124-25 (2d Cir.1999); *Uboh v. Reno*, 141 F.3d 1000, 1006-07 (11th Cir.1998); *Beck v. City of Muskogee Police Dep't*, 195 F.3d 553, 557 (10th Cir.1999); *Harvey v. Waldron*, 210 F.3d 1008

(9th Cir. 2000)], the Fifth Circuit has opted for a more cautious approach.

In *Mackey v. Dickson*, 47 F.3d 744 (5th Cir. 1995) the court was confronted with a civil rights complaint alleging an illegal arrest. Based upon the pleadings before the court, the Fifth Circuit concluded that at the time he filed his civil rights complaint, Mackey was still awaiting trial on the complained of charges. The matter came before the Fifth Circuit on the plaintiff's appeal of the district court's *sua sponte* dismissal of his civil rights claims based upon *Heck*. The Fifth Circuit noted, the ". . . district court held that, to the extent Mackey sought tort damages in his section 1983 action, his claim was not actionable unless and until the validity of his conviction is called into question and therefore dismissed his claim." *Id.* at 745. Thereafter, the court concluded,

> The record <u>does not clearly reflect</u> that a successful attack on Mackey's arrests will implicate the validity of his confinement. It <u>is not clear</u> whether or not Mackey has been tried or convicted. When his suit was filed, it appears that he was confined pursuant to the March 21 indictment, the validity of which would not necessarily be implicated by any illegality in earlier arrests. If Mackey is tried and convicted and in his contested criminal case no evidence is presented resulting directly or indirectly from any of his arrests, it is difficult to see how any illegality in any of his arrests could be inconsistent with his conviction. On the other hand, if he is convicted and evidence is presented by the prosecution at his criminal trial which is a direct or indirect product of one or more of his arrests, then his section 1983 damage claims challenging the validity of his arrests would appear to undermine the validity of his conviction and hence be barred by *Heck*. . . . 
>
> At this point <u>it is simply premature to determine whether or not Mackey's damage claims are barred under *Heck*</u>. Accordingly, the district court erred in dismissing the claims on the basis of *Heck*. The court may – indeed should – stay proceedings in the section 1983 case until the pending criminal case has run its course, as until that time it may be difficult to determine the relation, if any, between the two.

*Id.* at 746. (emphasis supplied)

Thus, it is clear that the *Heck* analysis does in fact apply to bar civil rights suits which call into question the validity of <u>pending</u> criminal charges. The Fifth Circuit's cautious

approach, that is, the use of a stay as opposed to a dismissal, has been deemed appropriate in those instances where there exists uncertainty as to whether a victory in the civil rights suit would impact the pending criminal prosecution. Nevertheless, dismissal of the civil rights suit is an appropriate response when it is clear beyond any doubt that the plaintiff's victory in his civil rights claim would necessarily implicate the validity of the pending criminal charges and of the plaintiff's arrest, prosecution and continued incarceration.

In the instant case, the plaintiff implies that he is actually innocent of the charge that is pending against him. He seeks monetary damages and injunctive relief for having been falsely arrested and imprisoned. As shown above, he seeks dismissal of the pending charges.

Under such circumstances, it is absolutely clear that his success in this suit would necessarily implicate the validity of the arrest, incarceration, and prosecution on the pending charges. A ruling by this court in petitioner's favor would call into question the legitimacy of the prosecution and would necessitate plaintiff's release from custody; relief which is, as shown above, unavailable through a civil rights proceeding. In short, the false arrest and imprisonment claims should be dismissed with prejudice to their being asserted again before the *Heck* conditions are met. See *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996).

Accordingly,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint, be **DISMISSED WITH PREJUDICE** as frivolous, for failing to state a claim for which relief may be granted and for seeking monetary relief against a defendant who is immune from suit;

**IT IS ALSO RECOMMENDED** that plaintiff's civil rights complaint, insofar as it seeks dismissal of the state proceeding and plaintiff's release from custody be construed as a petition for habeas corpus and that such claims be **DISMISSED WITHOUT PREJUDICE** for

failure to exhaust available state court remedies;

**IT IS FURTHER RECOMMENDED** that plaintiff's civil rights complaint, insofar as it alleges false arrest and imprisonment be **DISMISSED WITH PREJUDICE** (to their being asserted again when the *Heck v. Humphrey* conditions are met) as frivolous and for failing to state a claim on which relief may be granted pursuant to the provisions of 28 U.S.C.§ 1915(e)(2); and

**IT IS FINALLY RECOMMENDED** that all other civil rights claims alleged by plaintiff be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim on which relief may be granted in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglas v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

Signed in Lake Charles, Louisiana this 15th day of June, 2010.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE